Argued and submitted February 13, remanded for reinstatement of attorney fees award; otherwise affirmed July 22, 1992

In the Matter of the Compensation of
Frances R. Keenon, Claimant.

Frances R. KEENON,
*Petitioner,*

*v.*

EMPLOYERS OVERLOAD,
SAIF Corporation, Hoody Corporation
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB 90-01740, 89-25793, 89-25794,
90-01739; CA A70448)

835 P2d 155

Richard A. Sly, Portland, argued the cause and filed the brief for petitioner.

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for respondents Employers Overload and SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

M. Kathryn Olney, Portland, waived appearance for respondents Hoody Corporation and Liberty Northwest Insurance Corporation.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

■     Claimant seeks review of an order of the Workers' Compensation Board that reversed the decision of a referee, acting as an arbitrator pursuant to ORS 656.307. She argues that the arbitrator correctly awarded her attorney fees and that the Board erred in reversing the award. Although the petition is from an order of the Board, we review the *arbitrator's* decision for errors of law. ORS 656.307(2). We accept SAIF's concession that attorney fees should have been allowed for services rendered before the Department of Insurance and Finance issued an order designating a paying agent under ORS 656.307, and we remand for reinstatement of the award for those services. However, we conclude that claimant is not entitled to attorney fees for participation in the arbitration proceeding after the order designating a paying agent was issued.

Attorney fees for a claimant's participation in an arbitration hearing are governed by 656.307(5):

"The claimant shall be joined in any proceeding under this section as a necessary party, but may elect to be treated as a nominal party. If the claimant appears at any such proceeding and actively and meaningfully participates through an attorney, the arbitrator may require that a reasonable fee for the claimant's attorney be paid by the employer or insurer determined by the arbitrator to be the party responsible for paying the claim."

The issue is whether claimant's participation through her attorney was active and meaningful. The arbitrator concluded:

"[O]n balance, the participation by claimant and her counsel was sufficiently active and meaningful with respect to the responsibility issue to warrant an assessed attorney fee, for three reasons.

"First, [not related to the .307 hearing].

"Second, claimant, through [the attorney], filed and offered a number of exhibits relating to the responsibility issue. Similarly, claimant called herself as the only witness in the hearing. [The attorney] conducted relatively extensive direct and redirect examination of her on issues that were pertinent to which insurer was responsible. * * *

"Third, although claimant did not clearly and firmly take a position on which insurer should ultimately be held responsible, [the attorney] presented helpful argument on alternative analyses that arguably applied to deciding the responsibility issue. Given the complex and relatively fluid state of responsibility law at the time of the hearing, [the attorney's] argument meaningfully assisted the resolution of the responsibility issue. * * *"

The Board reversed the arbitrator and denied claimant attorney fees.

■ The legislature intended ORS 656.307(5) to be applied restrictively to allow attorney fees only when a claimant has a material, substantial interest in deciding who is the responsible insurer or employer, that is, if the claimant's benefits can be affected by the outcome of the responsibility hearing.[1] *See* Minutes, House Committee on Labor, March 25, 1987, pp 3-5. Unless a claimant has a material, substantial interest in deciding who is the responsible party and takes a position advocating that interest, participation by the claimant's attorney, even if helpful to the arbitrator, would be meaningless to the claimant. Because claimant did not advocate that a particular employer is the responsible party, his participation was not "meaningful," and the arbitrator erred in finding that it was.

Remanded for reinstatement of attorney fees award for services rendered before issuance of order designating paying agent; otherwise affirmed.

---

[1] The term "actively and meaningfully participates" was added to the bill on June 8, 1987, after it reached the Senate Committee on Labor. There is no explanation of why it was added. *See* Minutes, Senate Committee on Labor, June 9, 1987.